IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GABRIEL ALEXANDRO SANCHEZ<br>INSTITUTIONAL ID No. 111768,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, *et al.*<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:19-CV-115-Z-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Gabriel Alexandro Sanchez filed this action on May 28, 2019. Sanchez's Complaint alleges violations of his civil rights by the: (1) State of Texas; (2) Pampa Police Department; (3) Gray County Sheriff; (4) unnamed insurance company for the City of Pampa, Texas; (5) Gray County Attorney's Office; and (6) unnamed insurance company for the Gray County Attorney's Office. Compl. 3, ECF No. 3. Sanchez seeks monetary damages and declaratory relief for the purported violations of his constitutional rights. *Id.* at 4.

Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. The undersigned thereafter reviewed Sanchez's Complaint and, after carefully considering the Complaint's allegations, recommends that the District Court dismiss Sanchez's Complaint and all claims therein with prejudice because the statute of limitations bars his claims.

1

## I.     Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such

plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Background

Sanchez's Complaint alleges that law enforcement officers arrested him on April 25, 2016, and a Gray County grand jury subsequently indicted him. Compl. 4. Sanchez asserts that law enforcement continued to detain him in the Gray County and Childress, Texas, jails until his transfer to the State of Kansas.[1] *Id.* Sanchez claims the prosecutor in his Gray County case dismissed the charges against him "due to 'Insufficient Identification'" on April 5, 2017, and his transfer to Kansas took place thereafter. *Id.* Sanchez argues that his detention, imprisonment, and indictment were "unlawful and unconstitutional, and thus damages are due him." *Id.*

## III. Discussion

Accepting Sanchez's allegations as true, his claims are barred by the statute of limitations. A plaintiff has two years after the date a cause of action accrues to bring his claims. *Morrill v. City of Denton*, 693 F. App'x 304, 305–06 (5th Cir. 2017) (noting the statute of limitations for a § 1983 action in Texas is two years from the date the cause of action accrues); *Price v. City of San Antonio*, 431 F.3d 890, 893 (5th Cir. 2005) (holding Texas's statute of limitations period for torts "requires a claim to be brought no later than the same calendar day two years following the accrual of the cause of action"). Generally, "a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price*, 431 F.3d at 893 (internal quotation marks omitted).

It appears that Sanchez makes two distinct claims: one for unlawful arrest and the other for unlawful detention. *See* Compl. 3–4 (accusing law enforcement officers of "effectuat[ing]

---

[1] Sanchez's Complaint does not explain the reason for his transfer. The authenticated records show, however, that Sanchez had four outstanding warrants in Finney County, Kansas, for probation violations.

Plaintiff's unlawful detention/arrest" and alleging that the Gray County Attorney's Office "effectuated Plaintiff's unconstitutional indictment"). The Supreme Court has analogized unlawful arrest to the tort of false imprisonment, while unlawful detention is essentially a claim for malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 388–90 (2007). The key distinction between these claims is that unlawful arrest concerns detention *without* legal process, while unlawful detention claims are those in which a person is detained *pursuant* to legal process. *Id.* at 389–90; *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). In the context of unlawful arrest, a plaintiff's claim accrues—and the limitations period begins to run—when the plaintiff is held under such process, e.g., "bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 390. On the other hand, claims for unlawful detention accrue only after the criminal proceedings against a plaintiff are terminated in his favor. *McDonough v. Smith*, 139 S. Ct. 2149, 2156–59 (2019); *Wallace*, 549 U.S. at 390; *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In either event, the statute of limitations bars Sanchez's claims herein.

Sanchez asserts that officers arrested him on April 25, 2016, and that he was indicted on the same day. Compl. 4. Sanchez does not indicate when he appeared before a magistrate or was otherwise arraigned. *Id.* Nonetheless, he alleges that the criminal proceedings against him terminated on April 5, 2017, when the prosecutor dismissed the charges for "insufficient identification." *Id.* As such, Sanchez's unlawful arrest and detention claims necessarily accrued no later than April 5, 2017. Sanchez initiated this lawsuit on May 28, 2019[2] (ECF No. 3), some two years, one month, and twenty-three days after dismissal of his indictment. Thus, Sanchez's claims are time-barred. *VanBuren v. Spoon*, CIVIL ACTION NO. 19-0453, 2019 WL 2063523,

---

[2] Sanchez's Complaint indicates that he signed it on May 22, 2019 (ECF No. 3), but that does not alter the Court's analysis.

4

at *4 (W.D. La. May 2, 2019) (citing *Winfrey*, 901 F.3d at 492) (holding that arrestee's claim for malicious prosecution was untimely when filed more than two years after dismissal of charges).

The Court notes that Sanchez previously filed a suit on November 5, 2018, raising substantially the same allegations. *See Sanchez v. Texas*, 2:18-cv-00213-M-BQ, ECF No. 1 (N.D. Tex. Nov. 5, 2018).[3] This Court dismissed that case without prejudice for failure to prosecute due to Sanchez not filing the necessary documents to support his *in forma pauperis* application. *Id.* at ECF Nos. 14, 16, 17. The filing and pendency of this prior case did not toll the statute of limitations. "When a cause of action is dismissed and later refiled, limitations are calculated to run from the time the cause of action accrued until the date that the claim is refiled." *Sansom v. Mintz*, 781 F. App'x 359, 362 (5th Cir. 2019) (quoting *Delhomme v. Comm'n for Lawyer Discipline*, 113 S.W. 3d 616, 621 (Tex. App.—Dallas 2003, no writ)). Thus, for the purpose of calculating the statute of limitations and whether Sanchez's claims in this suit are barred, the original suit is of no consequence and does not preserve Sanchez's claims. As noted above, Sanchez's current Complaint was filed more than two years after his alleged unlawful arrest and detention claims accrued. Sanchez's claims are therefore barred by the statute of limitations. *See id.* (quoting *Milestone Props., Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 119 (Tex. App.—Austin 1993, no writ)) (holding that earlier filing of virtually identical claims did not toll statute of limitations because "dismissal for want of prosecution [has] the same effect as if the suit had never been filed").

As such, the undersigned recommends dismissal of Sanchez's claims. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that when the allegations in the pleadings "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to

---

[3] Sanchez originally filed his Complaint in the District of Kansas, but that district transferred the case to this Court nine days after filing.

state a claim"); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (explaining that a court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that the claims asserted are barred by the statute of limitations).

## IV.     Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DISMISS with prejudice** Sanchez's Complaint and all claims therein as barred by the statute of limitations.

## V.     Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 31, 2019

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**